UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

04 10527

PAUL J. McNALLY, as he is TRUSTEE,
MASSACHUSETTS LABORERS' HEALTH AND
WELFARE FUND and NEW ENGLAND LABORERS'
TRAINING TRUST FUND; JAMES MERLONI, JR.,
as he is TRUSTEE, MASSACHUSETTS LABORERS'
PENSION FUND and MASSACHUSETTS LEGAL
SERVICES FUND; MARTIN F. WALSH, as he is
TRUSTEE, MASSACHUSETTS LABORERS'
ANNUITY FUND,
              Plaintiffs

vs.

GEOFF WILSON d/b/a NORTHEAST WETLAND
RESTORATION CO.,
              Defendant

## COMPLAINT FOR DELINQUENT CONTRIBUTIONS

### NATURE OF ACTION

1.     This is an action brought pursuant to §§502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and 1145, by employee benefit plans to enforce the obligations to make contributions to such plans due under the terms of a collective bargaining agreement and the plans.

### JURISDICTION

2.     The Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 U.S.C. §§1132(a), (e) and (f), without respect to the amount in controversy or the citizenship of the parties.

## PARTIES

3. Plaintiff Paul J. McNally is a Trustee of the Massachusetts Laborers' Health and Welfare Fund. The Massachusetts Laborers' Health and Welfare Fund is an "employee welfare benefit plan" within the meaning of §3(3) of ERISA, 29 U.S.C. §1002(3). The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

4. Plaintiff James Merloni, Jr. is a Trustee of the Massachusetts Laborers' Pension Fund. The Massachusetts Laborers' Pension Fund is an "employee pension benefit plan" within the meaning of §3(2) of ERISA, 29 U.S.C. §1002(2)(A). The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

5. Plaintiff Martin F. Walsh is a Trustee of the Massachusetts Laborers' Annuity Fund. The Massachusetts Laborers' Annuity Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

6. Plaintiff James Merloni, Jr. is a Trustee of the Massachusetts Laborers' Legal Services Fund. The Massachusetts Laborers' Legal Services is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

7. Plaintiff Paul J. McNally is a Trustee of the New England Laborers' Training Trust Fund. The New England Laborers' Training Trust Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Fund is administered at 37 East Street, Hopkinton, Massachusetts, within this judicial district.

8. The Health and Welfare, Pension, Annuity, Legal Services and Training Funds are multi-employer plans within the meaning of §3(37) of ERISA, 29 U.S.C. §1002(37). They are hereinafter collectively referred to as "the Funds."

9. Defendant Geoff Wilson d/b/a Northeast Wetland Restoration Co. (hereinafter "Wilson" or "the Employer") is or was a sole proprietorship with a principal place of business at 17 Keay Road, Berwick, Maine and was an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12). Geoff Wilson currently resides as 17 Fox Ridge Road, Berwick, Maine.

## GENERAL ALLEGATIONS OF FACT

10. On or about May 6, 2002, defendant Wilson agreed in writing to pay fringe benefit contributions to the Massachusetts Laborers Benefit Funds and to deduct and remit dues for all work performed by its laborer employees on the Wellesley College Remediation Project in Wellesley, MA. A copy of Wilson's signed agreement ("short form agreement") is attached hereto as Exhibit A.

## COUNT I - VIOLATION OF ERISA - DELINQUENT CONTRIBUTIONS

11. Wilson performed certain work under the terms of this agreement in June and July, 2002 and, in August, 2002, it made a single payment to the Funds to cover its contractual obligations.

12. That check, a copy of which is attached hereto as Exhibit B, failed to clear due to insufficient funds.

13. Demands for payment from the Funds' collections agent and counsel went unanswered and the delinquency remains unpaid.

3

14. To date, Wilson has failed and refused to pay the Funds the $9,620.20 in contributions due for the period June and July, 2002.

15. The failure of Wilson to make contributions on behalf of all covered employees as required by the terms of the Funds and the collective bargaining agreement violates §515 of ERISA, 29 U.S.C. §1145.

16. Absent an order from this Court, the defendant will continue to refuse to pay the monies it owes to the Funds, as determined at the audit, and refuse to submit Remittance Reports and pay contributions now due and owing, and the Funds and their participants will be irreparably damaged.

17. A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C. §1132(h).

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff Funds requests this Court to grant the following relief:

a. Order the attachment by trustee process of the bank accounts of Geoff Wilson and Northeast Wetland Restoration Co.;

b. Order the attachment of the machinery, inventory, accounts receivable, automobiles and other assets of defendant Wilson;

c. Enter a preliminary and permanent injunction enjoining Wilson from refusing or failing to make contributions to Plaintiff Funds;

d. Enter judgment in favor of the Plaintiff Funds in the amount of $9,620.20 plus any additional amounts determined by the Court to be owed by Wilson or which may become due during the pendency of this action, together with interest on the unpaid contributions at the rate prescribed under §6621 of the Internal Revenue Code, liquidated damages in an

amount equal to 20 percent of the total of unpaid contributions or the total interest owed, whichever is greater, reasonable attorneys' fees, and costs, all pursuant to 29 U.S.C. §1132(g)(2); and

  e. Such further and other relief as this Court deem appropriate.

            Respectfully submitted,

            PAUL J. MCNALLY, as he is
            TRUSTEE, MASSACHUSETTS
            LABORERS' HEALTH AND WELFARE
            FUND, et al,

            By their attorneys,

            /s/ Anne R. Sills
            Anne R. Sills, Esquire
            BBO #546576
            Segal, Roitman & Coleman
            11 Beacon Street
            Suite #500
            Boston, MA  02108
            (617) 742-0208

Dated: March 15, 2004

ARS/ars&ts
6306 02-461/complt.doc